UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MAERSK LINE,

                       Plaintiff,

  -against-

PHOENIX AGRO-INDUSTRIAL CORPORATION,

                       Defendant.
-----------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

07-CV-3169 (SJF) (JMA)

A P P E A R A N C E S:

Albert J. Avallone
Albert J. Avallone & Associates
551 Fifth Avenue, Suit 1701
New York, NY 10176
(212) 696-1760
    *Attorney for Plaintiff*

**AZRACK**, **United States Magistrate Judge:**

      In this admiralty action for breach of a shipping contract, plaintiff Maersk Line ("plaintiff" or "Maersk") seeks entry of final default judgment against defendant Phoenix Agro-Industrial Corporation ("defendant" or "Phoenix"). On March 17, 2009, the Honorable Sandra J. Feuerstein, the presiding district judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons discussed below, I respectfully recommend that the Court grant plaintiff's motion and enter final judgment against defendant in the amount of $27,113.56. I further recommend that the Court dismiss defendant's counterclaim with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1

# I. BACKGROUND

In 2007, Phoenix hired Maersk to ship one container of frozen fowl from Toronto to Tema, Ghana and two containers of frozen beef livers from Los Angeles to Luanda, Angola. (Compl. ¶ 4.) Maersk delivered the shipments to the designated destinations on February 7 and March 6, 2007. Despite Maersk's demands, Phoenix failed to pay for the services. (Compl. 5–7.) On August 1, 2007, Maersk commenced this action to recover $25,638.75 in unpaid shipping charges. (Compl. ¶ 7.) On September 27, 2007, Phoenix filed an answer denying liability for the 2007 shipments and counterclaimed for $30,000, alleging that Maersk damaged a 2006 shipment of beef livers. (Answer ¶¶ 10–14.)

The parties engaged in discovery until November 3, 2008, when I permitted defendant's counsel, Kingsley, Kingsley, & Calkins ("Kingsley"), to withdraw due to Phoenix's failure to pay legal fees and participate in discovery. (Order, dated Nov. 3, 2008 ("Withdrawal Order"); Decl. of Steven P. Calkins in Support of Mot. for Withdrawal ¶ 2.) In the Withdrawal Order, I advised Phoenix that, as a corporation, it could not proceed pro se and that it must obtain new counsel by January 16, 2009 or face default. (Withdrawal Order at 2.) Kingsley served the Withdrawal Order upon Phoenix on November 6, 2008. (Dkt. No. 19.) The next month, Phoenix, through its officer Noorudin Masani, attempted to appear pro se. (Letter from Noorudin Masani, dated Dec. 12, 2008 (Dkt. No. 20).) On January 8, 2009, I held a telephone conference with Mr. Masani and plaintiff's counsel. Mr. Masani stated that Phoenix did not have the funds to obtain new counsel. I advised him that Phoenix nevertheless could not proceed pro se and that it would face default if it failed to obtain counsel by January 16, 2009. To date, no new counsel has appeared for Phoenix nor has Phoenix sought additional time to obtain counsel. The Clerk noted the default on March 13, 2009. (Dkt. No. 23.)

## II. DISCUSSION

### A. Defendant's Liability

The Federal Rules of Civil Procedure authorize the Court to enter default judgment against any party that fails to answer or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). Because a corporation cannot proceed pro se, Rowland v. Calif. Men's Colony, 506 U.S. 194, 201–02 (1993); Pecarsky v. Galixiworld.com, Ltd., 249 F.3d 167, 172 (2d Cir. 2001), a corporate defendant's failure to obtain counsel is a failure to "otherwise defend" under Rule 55(a). Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967); see also Securities and Exchange Commission v. Research Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975) ("It is settled law . . . where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55."). Here, despite written and oral warnings from the Court, Phoenix has failed to obtain counsel within a reasonable time and has not requested an extension of time to obtain counsel. Thus, Phoenix is in default.

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc., v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). However, "defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, the Court must determine whether the allegations in the complaint state a claim upon which relief may be granted. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); Agamede Ltd. v. Life Energy & Tech. Holdings, Inc., No. 04-CV-2985, 2007 WL 201167, at *1 (E.D.N.Y. Jan. 23, 2007) (Gold, M.J.) (internal citations and quotation marks omitted).

Maersk alleges that Phoenix breached a shipping contract. To state a claim for breach of contract under New York law, plaintiff must allege: (i) the existence of a contract; (ii) performance by the plaintiff; (iii) non-performance by the defendant; and (iv) damages attributable to the breach. See RCN Telecom Serv., Inc. v. 202 Centre Street Realty LLC, No. 05-CV-1508, 2005 WL 3076885, at *1 (2d Cir. Nov. 17, 2005.) The complaint in this case alleges that the parties contracted to ship goods in exchange for money, that plaintiff performed its obligations under the contract by shipping the goods, that defendant breached the contract by failing to pay for the shipments, and that plaintiff sustained a monetary loss as a result. Thus, the complaint states a claim for breach of contract. By its default, defendant admits these allegations and entry of default judgment against defendant is appropriate.

**B. Plaintiff's Damages**

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. See Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. Id. (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The district court may hold an inquest by affidavit, without a hearing, as long as it has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111 (citations omitted).

Here, Maersk seeks the unpaid shipping charges plus pre-judgment interests and costs. In support of this request, it has submitted bills of lading for each of the two shipments as well as the sworn affidavits of Maersk Credit and Collection Manager Mike Atkins and Maersk counsel Albert J. Avallone. The bills of lading, which were submitted as exhibits to the complaint, confirm that the defendant agreed to pay $10,114.75 for the shipment of frozen fowl from

4

Toronto to Ghana and $15,524.00 for the shipment of frozen beef livers from Los Angeles to Angola. See Compl. Schedule A, Ex. A–B. The Atkins' affidavit confirms that defendant failed to pay the charges. See Aff. of Mike Atkins ¶ 2, dated Jan. 20, 2009.) Therefore, plaintiff has established that it is entitled to $25,638.75 in liquidated damages under the contract.

Plaintiff also seeks prejudgment interest at a rate of 6.0% for a total of $2,944.53. "In admiralty cases prejudgment interest 'should be granted in the absence of exceptional circumstances.'" Ingersoll Mill. Mach. Co. v. M/V Bodena, 829 F.2d 293, 310 (2d Cir. 1987) (citing Mitsui & Co. v. Am. Exp. Lines, 636 F.2d 807, 823 (2d Cir. 1981)). The appropriate rate of interest is within the broad discretion of the district court. See N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.), 266 F.3d 112, 131 (2d Cir. 2001) (citations and quotation marks omitted). The Court of Appeals has approved the application of "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a); N.Y. Marine, 266 F.3d at 131. However, because the Treasury Bill rate varies, an average over the pre-judgment period is a fairer measure, particularly where the rate was subject to wide fluctuation. See Ingersoll, 829 F.2d at 311.

The relevant period here is February 6, 2007, the date the first payment was due, through January 23, 2009, the date through which plaintiff seeks interest. Without identifying any supporting authority, plaintiff requests 6% interest. However, the rate for the calendar week proceeding January 23, 2009 was only 0.43%. The rate fluctuated significantly over the period, with a high of 5.07% for the week ending February 9, 2007 and a low of 0.37% for the week ending January 3, 2009. See http://www.federalreserve.gov/releases/h15/data/Weekly_Friday_/

5

H15_TCMNOM_Y1.txt. Given the large amount of fluctuation, I find that the period average of 3% is a reasonable rate of interest to apply to plaintiff's claims. At that rate, plaintiff is entitled to $594.41 for the February 7, 2007 shipment of frozen fowl and $880.40 for the March 6, 2007 shipment of frozen beef livers.[1]

Finally, plaintiff seeks $350.00 in costs incurred for filing this action. "[T]he award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith." Ingersoll, 829 F.2d at 309. Here, there is no evidence that Phoenix acted in bad faith. Moreover, Maersk has not identified any statutory authority or contract provision entitling it to costs. Therefore, I respectfully recommend that the Court deny plaintiff's request for costs.

## C. **Defendant's Counterclaims**

Plaintiff also asks the Court to dismiss defendant's counterclaim. Under the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "The Rule is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004). The primary rationale underlying a Rule 41(b) dismissal is the plaintiff's failure to process his case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Factors relevant to a Rule 41 dismissal include: (i) the duration of the party's failures; (ii) whether the party had received notice of the consequences of delay; (iii) the prejudice of further delay to the other party; (iv) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair

---

[1] Plaintiff did not identify how it reached its interest calculation but my review of its figures indicates that it used the standard simple interest formula of $I=P x R x T$, where $I$ is interest, $P$ is principal, $R$ is rate, and $T$ is time. I used the same formula in arriving at my calculation. I determined the time by counting the number days between the date the payment was due and January 23, 2009, the date through which plaintiff seeks interest. There were 715 days between February 7, 2007 and January 23, 2009 and 690 days between March 6, 2007 and January 23, 2009.

chance to be heard; and (v) the efficacy of lesser sanctions. Nita v. Connecticut Dep't of Environmental Protection, 16 F.3d 482, 485 (2d Cir. 1994) (citations and quotation marks omitted). "Generally, no one factor is dispositive." Id.

Dismissal of defendant's counterclaim is appropriate in this case. Phoenix filed its counterclaim in September 2007 but appears to have made no progress in prosecuting it in the over eighteen months that have passed since that time. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (delay of six months warrants dismissal); Sanders v. Does, No. 05-CV-7005, 2008 WL 2117261, *3 (S.D.N.Y. May 18, 2005) (dismissal after nine-month delay). Moreover, Phoenix had notice of the consequences of its failure to prosecute and a fair opportunity to be heard as the Court issued multiple warnings and allowed Phoenix several months to obtain new counsel. Further delay would also prejudice Maersk as "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. General Elec. Co., 186 F.3d 186, 193 (2d Cir. 1999); see also Lyell Theatre Corp., 682 F.2d at 43 ("Prejudice to [a party] resulting from unreasonable delay may be presumed."). Finally, there is no sanction that can force defendant to obtain counsel.

Though "dismissal with prejudice is a harsh remedy to be utilized only in extreme situations," it is warranted here. Lyell Theatre Corp., 682 F.2d at 42. The case has languished on the Court's docket for nearly two years without progress and defendant's inability to obtain counsel prohibits the action from moving forward. Moreover, dismissal without prejudice would not produce a more just result as defendant would be time-barred from re-filing the counterclaim. As a dispute over a shipping contract, the counterclaim, which according to defendant accrued in 2006, is subject to the one-year statute of limitations set by the Carriage of Goods by Sea Act, 46

7

U.S.C.A. Appx. 1303(6). See Mikinberg v. Baltic S.S. Co., 988 F.2d 327, 330 (2d Cir. 1993). Therefore, I respectfully recommend that the Court dismiss defendant's counterclaim with prejudice.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted and that the Court enter a final default judgment of $27,113.56 against defendant. I further recommend that defendant's counterclaim be dismissed with prejudice.

### NOTICE

Plaintiffs are hereby ordered to serve a copy of this Report and Recommendation on defendant and to promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of the date of entry of this Report and Recommendation. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

SO ORDERED.

Dated: April 29, 2009
      Brooklyn, New York

                                                      /s/
                                       JOAN M. AZRACK
                                       UNITED STATES MAGISTRATE JUDGE